David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
Calvin W. Davis (SBN 306264)
davisc@cmtlaw.com
CARLSON & MESSER LLP
5901 W. Century Blvd., Suite 1200
Los Angeles, CA 90045
Telephone: (310)242-2200
Facsimile: (310)242-2222

Attorney for Defendant,
LIFESTYLE DESIGN INTERNATIONAL, LLC,

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individual, | Case No. 3:23-cv-00958-CAB-AHG |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| vs. | |
| LIFESTYLE DESIGN INTERNATIONAL, LLC, | |
| Defendant. | |

COMES NOW Defendant LIFESTYLE DESIGN INTERNATIONAL, LLC. (hereinafter "Defendant"), by and through its counsel of record, hereby answers the Complaint of Plaintiff THANE CHARMAN (hereinafter "Plaintiff"), by admitting, denying and alleging as follows:

## PARTIES

1. Defendant presently lacks sufficient knowledge to admit or deny the allegations in Paragraph 1, which are also vague, ambiguous, lack foundation and constitute legal conclusions and thereby denies them at the present time.

2. Answering Paragraph 2, Defendant admits it is a limited liability company. Defendant admits it has a location in the state of Nevada. Defendant

denies the remaining allegations in Paragraph 2 of the Complaint, which also constitute legal conclusions.

3. Answering Paragraph 3, Defendant admits it can be served at Registered Agents Inc. located at 401 Ryland St., Suite 200-A, Reno, Nevada 89502. Defendant denies the remaining allegations in Paragraph 3 of the Complaint, which also constitute legal conclusions.

## JURISDICTION AND VENUE

4. Answering Paragraph 4, Defendant admits Plaintiff brought this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and 47 C.F.R. § 64.1200 *et seq.* Defendant denies the remaining allegations in Paragraph 4 of the Complaint, which also constitute legal conclusions.

5. Defendant denies the allegations in Paragraph 5 of Plaintiff's Complaint, which also constitute legal conclusions.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

8. Paragraph 8 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

9. Paragraph 9 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

10. Paragraph 10 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

11. Paragraph 11 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

12. Paragraph 12 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

13. Paragraph 13 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or

information to form a belief about the truth of the allegations and denies them at the present time.

14. Paragraph 14 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

15. Paragraph 15 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

16. Paragraph 16 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

17. Paragraph 17 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

18. Paragraph 18 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to

this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

19. Paragraph 19 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

## FACTUAL ALLEGATIONS

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant presently lacks sufficient knowledge to admit or deny the allegations in Paragraph 26, which are also vague, ambiguous, lack foundation and constitute legal conclusions and thereby denies them at the present time.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint, which also constitute legal conclusions.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint, which also constitute legal conclusions.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint.

## COUNT ONE

44. Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

45. Defendant denies the allegations in Paragraph 45 of the Complaint, which also constitute legal conclusions.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

## COUNT TWO

51. Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

## COUNT THREE

56. Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

57. Defendant denies the allegations in Paragraph 57 and its subparts of the Complaint, which also constitute legal conclusions.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief sought in the Prayer for Relief and its subparts, which is also vague, ambiguous, lacks foundation and constitutes a legal conclusion.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

1. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2. Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

**(Mitigation of Damages)**

3. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could

have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

4.  As a separate, affirmative defense, the Complaint, and each cause of action alleged there against Defendant is barred by the conduct, actions, and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

### FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

5.  Plaintiff is barred from maintaining the Complaint and each purported cause of action alleged therein against Defendant as a result of unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based.

### SIXTH AFFIRMATIVE DEFENSE
### (Compliance with Statute)

6.  The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

### SEVENTH AFFIRMATIVE DEFENSE
### (Actions Were Proper)

7.  As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any law, including provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and 47 C.F.R. 64.1200 *et seq.*

/ / /

/ / /

/ / /

## EIGHTH AFFIRMATIVE DEFENSE

### (No Intentional or Reckless Conduct)

8. As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

9. Plaintiff is barred by the doctrine of laches from pursuing his Complaint and each purported cause of action alleged therein against Defendant by reason of his inexcusable and unreasonable delay in filing his Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

10. As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Conduct of Third Parties)

11. As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

12. As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails as a matter of law due to lack of standing to bring an action.

/ / /

/ / /

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

13. As a separate, affirmative defense, Defendant asserts that it substantially complied with the requirements of the statutes at issue.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

14. As a separate, affirmative defense, Defendant asserts that Plaintiff suffered no actual damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Offset)

15. Any damages that Plaintiff may recover against Defendant in this Action must be offset against all amounts owed to Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

16. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by it at the time it so acted, Defendant alleges that it acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to the answering Defendant. Accordingly, Plaintiff is barred from any recovery in this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

17. As a separate, affirmative defense, assuming arguendo that Defendant violated a statute alleged in the Complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona

fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Legitimate Business Purpose)

18.  As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose.  Further, Defendant acted in good faith in the honest belief that the acts, conduct, and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

### NINETEENTH AFFIRMATIVE DEFENSE
### (TCPA and 47 C.F.R. § 64.1200 *et seq.* Damages are Limited)

19.  As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 47 U.S.C. § 227 *et seq.* and 47 C.F.R. 64.1200 *et seq.*

### TWENTIETH AFFIRMATIVE DEFENSE
### (Damages Not Specific)

20.  Plaintiff's Complaint fails to state a cause of action against Defendant because it does not plead special damages with sufficient particularity.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Actions were Privileged and Justified)

21.  As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant, is barred because Defendant was privileged and justified, by statute and by common law, in making the alleged statements and representations, if any.

/ / /

## TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Maintained Reasonable TCPA and 47 C.F.R. 64.1200 *et seq.* Procedures)**

22.  As a separate, affirmative defense, Defendant alleges that at all times alleged in the Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the TCPA and 47 C.F.R. 64.1200 *et seq.*

## RESERVATION OF RIGHTS

23.  Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, for attorneys' fees and costs incurred herein, and for such further relief as the court deems just and equitable.

**CARLSON & MESSER LLP**

DATED: August 28, 2023

By: /s/ David J. Kaminski
David J. Kaminski
Calvin W. Davis
*Attorneys for Defendant,*
LIFESTYLE DESIGN INTERNATIONAL, LLC

## CERTIFICATE OF SERVICE

I, David J. Kaminski, hereby certify that on this 28th day of August 2023, a true and accurate copy of the foregoing

**ANSWER**

was served via the District Court ECF System on the following:

    Email: OBEY.TCPA@gmail.com

Dated:  August 28, 2023            s/ David J. Kaminski
                                                  David J. Kaminski